UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DYLAN LEE AUSTIN, | ) |
| Plaintiff | ) ) ) |
| v. | ) )   1:25-cv-00352-NT ) |
| BRYAN SLANEY, et al., | ) ) |
| Defendants | ) ) |

**RECOMMENDED DECISION AFTER
REVIEW OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint and an application to proceed without prepayment of fees, which application the Court granted. (Complaint, ECF No. 1; Application, ECF No. 2; Order, ECF No. 3.) In accordance with the statute governing matters in which a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or . . . as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**FACTUAL ALLEGATIONS**

Plaintiff alleges that due to a mental health crisis that he experienced in 2019, he has been treated unfairly in jail. He asserts that he is not allowed to shave as he is not permitted to have a razor. In addition, he alleges that on Defendants' orders, jail officers

wake him up at 5:00 a.m. and he is placed in a small, locked room for an hour. Plaintiff contends that as the result of Defendants' actions, his mental health has suffered. Plaintiff asserts that he "want[s] to be treated like every other resident." (Complaint at 3.)

## LEGAL STANDARD

Title 28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640

F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff's complaint could be construed to attempt to allege an Eighth Amendment conditions of confinement claim. The Eighth Amendment prohibition on cruel and unusual punishments governs prisoners' treatment after conviction, and the Due Process Clause of the Fourteenth Amendment impose similar obligations while prisoners are in pre-trial custody. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983). "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted).

To establish constitutional liability, a plaintiff must satisfy an objective standard by showing he or she was "incarcerated under conditions posing a substantial risk of serious harm," and a plaintiff must satisfy a subjective standard by showing that the defendant

"acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834). The objective standard evaluates the seriousness of the risk of harm. There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)). The subjective standard concerns the culpability of the defendant. Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Corr. Med. Servs.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)).

Plaintiff evidently contends that jail officials unnecessarily imposed conditions on him due to concerns for his mental health. Regardless of the merit of Plaintiff's contention, Plaintiff has provided no facts that would support a deliberate indifference finding. For instance, he has alleged no facts from which a fact finder could conclude that in imposing the alleged restrictions on Plaintiff, Defendants acted with a subjective belief that their actions would cause Plaintiff harm. To the contrary, Plaintiff's allegations suggest that Defendants acted to protect Plaintiff's safety.

Plaintiff's allegation that he has been placed in a small, locked room for an hour in the morning could possibly be viewed as an attempt to allege a due process claim. To raise a due process concern over a deprivation of liberty, a prisoner's complaint must describe

an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that prisoner placed in segregation for 30 days did not experience "a major disruption in his environment"). Without more facts regarding the circumstances and frequency of Plaintiff's placement in the room for a relatively brief period, Plaintiff has not alleged facts that could reasonably be considered an "atypical and significant hardship … in relation to the ordinary incidents of prison life."

Plaintiff's assertion that he wants to be treated like anyone else could conceivably be construed as an attempt to allege an equal protection claim. Because he does not allege any suspect classification or characteristic, he must show that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). Plaintiff has not alleged enough facts to support such a class-of-one equal protection claim because he did not identify any similarly situated individuals or otherwise allege a basis to infer "that the [alleged] differential treatment was motivated by bad faith or malicious intent to injure," as is generally required for such claims. *Najas Realty, LLC v. Seekonk Water Dist.*, 821 F.3d 134, 144 (1st Cir. 2016) (internal quotation marks omitted).

## CONCLUSION

After a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, for the reasons set forth herein, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison<br>U.S. Magistrate Judge

Dated this 29th day of September, 2025.